NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KOM SOFTWARE, INC.,**
*Appellant*

**v.**

**NETAPP, INC.,**
*Cross-Appellant*

---

2021-1005, 2021-1006, 2021-1100

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2019-00601, IPR2019-00603.

---

Decided:  December 16, 2021

---

DAVID FARNUM, Anova Law Group, PLLC, Sterling, VA, argued for appellant.  Also represented by WENYE TAN.

ERIKA ARNER, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC, argued for cross-appellant.  Also represented by JOSHUA GOLDBERG, SYDNEY KESTLE; CORY C. BELL, Boston, MA; JACOB ADAM SCHROEDER, Palo Alto, CA; JASON E. STACH, Atlanta, GA.

---

Before PROST, TARANTO, and CHEN, *Circuit Judges*.

PER CURIAM.

This case involves two inter partes review final written decisions, one from IPR2019-00601 ("the *Sitka* IPR") and the other from IPR2019-00603 ("the *Blickenstaff* IPR"). In the *Sitka* IPR, the Patent Trial and Appeal Board ("Board") determined that claims 1–7, 45–57, and 59 of U.S. Patent No. 7,392,234 ("the '234 patent") were unpatentable as obvious over two prior-art references, Sitka and Cannon. In the *Blickenstaff* IPR, the Board considered precisely the same claims as in the *Sitka* IPR and determined that, in view of other prior-art references, some claims were unpatentable and that some were not. KOM Software, Inc. ("KOM") appeals the Board's unpatentability determinations in each IPR. NetApp, Inc. ("NetApp") cross-appeals the Board's determination in the *Blickenstaff* IPR that certain claims were not shown to be unpatentable.

Concerning the *Sitka* IPR, the Board construed the "transparent access" limitation of claim 1 (and other claims) to "not require that a user have a misplaced belief about the location of the file." J.A. 16. KOM argues here, as it did before the Board, that "transparent access is provided to the requested file without a user's awareness of any file lifecycle management structure[;] as far as the user is concerned the file is stored in a particular directory on a particular drive," Appellant's Br. 27, i.e., that "the user would be provided . . . the *fiction* that a file resides . . . on a particular directory," J.A. 977–78 (Patent Owner's Response) (emphasis added); *see* Appellant's Reply Br. 44.

We conclude that the Board's construction of "transparent access" to not *require* misplaced user belief as to the location of the file is consistent with the plain claim language (which is agnostic as to user knowledge), and the specification and the prosecution history, neither of which narrows the claim as KOM suggests but rather merely describes (at most) an embodiment wherein the user *may*

have such misplaced belief, *see, e.g.*, '234 patent col. 5 ll. 61–67; J.A. 369. Also concerning the *Sitka* IPR, KOM attempts to raise a claim-construction issue by arguing that the Board improperly found that Sitka discloses the "last storage medium" limitation of claim 3 (and other claims) because "the 'last storage medium' is not simply the final storage medium to which a file is transferred. Instead, the last storage medium is an archival storage medium." Appellant's Br. 37. But we agree with NetApp that this is not properly an issue of claim construction and further that substantial evidence supports the Board's finding that Sitka teaches the claimed "last storage medium . . . associated with archived files" limitation via its "lowest level stores," *see, e.g.*, J.A. 230–31 (Long Decl. ¶ 98); J.A. 761 (Sitka col. 26 ll. 39–63).

We have considered KOM's remaining arguments with respect to the *Sitka* IPR but find them unpersuasive. Because we affirm the Board's unpatentability determinations in the *Sitka* IPR, the issues raised with respect to the *Blickenstaff* IPR are moot. Accordingly, we affirm in KOM's appeal and dismiss NetApp's cross-appeal.

## AFFIRMED-IN-PART, DISMISSED-IN-PART

COSTS

The parties shall bear their own costs.